GOODMAN & Co. *et al. v.* UNITED STATES (No. 525).[1]

MANUFACTURED FEATHER ARTICLES, WINGS, POMPONS, ETC.

In a decision of these cases at a former term it was stated the importation might be appropriately described as either quills or feathers. It was there attempted to make plain, by exhibiting the previous history of the pertinent clauses of the law and by contrasting the use of certain words employed in paragraphs 438 and 469 of the tariff act of 1909, what seemed to the court must have been the intention in that particular enactment. The conclusion there stated was reached after an examination and full consideration of the pertinent authorities, and is now adhered to.

United States Court of Customs Appeals, November 22, 1911.

APPLICATION for a rehearing (T. D. 31658).

[Denied.]

*Joseph G. Kammerlohr* and *John Giblon Duffy* for the motion.
*Wm. K. Payne,* Deputy Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case was decided May 29, 1911, and is found reported in T. D. 31658. A motion for a rehearing has been filed, in which the case is reargued, and considerable space is devoted to establishing the contention that the word "quills" is appropriately used to designate the wing and tail feathers of a bird. This fact, however, was fully recognized in the opinion. It was said: "It is established, not only by the testimony but by the lexicographers, that the tail and wing feathers of a bird are appropriately described as quills." But it was also held that the complete tail and wing feathers of a bird are

---

[1] Reported in T. D. 32037 (21 Treas. Dec., 567).

also appropriately described as feathers, and it was recognized there-
fore that the question of classification of these goods was one of some
difficulty. Based in large part upon the correlation of the word
"quills" in paragraph 463 to other products of similar character
with the horny substance of the quills, we were of the opinion that
the word "quills" in that section was used to describe the horny
substance of the quill, and that as these articles were likewise dutiable
as feathers, they should be held dutiable under paragraph 438, as
had been determined by the Board of General Appraisers.

It was said in the course of the opinion that the wing and tail
feathers of certain birds have been held dutiable as feathers, citing
the two cases of G. A. 1428 (T. D. 12832) and G. A. 1470 (T. D.
12919). It is suggested in the brief of counsel that the statement in
the brief of Government's counsel presented at the hearing misled
the court. This statement appears to be based upon the fact that
the citation of G. A. 1428 (T. D. 12832) was in our main opinion cited
as G. A. 1328, following an error in the brief of Government's counsel.
The implication is that the court accepted the brief of counsel and
made no examination of the cases in question. It is due to the court,
however, to say that the cases were fully examined before the opinion
was written, and that the error in citation must have been perpetuated
by dictating from the brief of counsel when the opinion was prepared.

Counsel are also mistaken in assuming that we deemed these cases
as authority for anything beyond the fact that the word "feathers"
was in each of the cases recognized as an appropriate term to describe
the wing and tail feathers of a bird, or that it was believed that the
board was then dealing with provisions contrasting the word "quills"
with the word "feathers." The only reason for citing these decisions
was to show that there had been a judicial recognition of the fact
that the wing and tail feathers of birds were appropriately described
as feathers. The opinion recognizes throughout that the word
"quills" is equally appropriate for describing such feathers. The
decision, as we sought to make plain, rests upon a contrast of the two
provisions, based upon the correlation of the terms and the previous
history. It was said:

In the present case it is to be noted that the words interpreted by the decision of
the court in United States *v.* Stearns, *supra*, were "quills, prepared." In the present
act the legislation relates to "manufactures of quills," and from the connection in
which the word is employed it might well relate to quills in a different sense. Para-
graph 463 deals with "bone, chip, grass, horn, quills, india rubber, palm leaf, straw,
weeds, or whalebone, or of which these substances or any of them is the component
material of chief value, not specially provided for in this section." There is nothing
provided for in this section which suggests manufactures to be used as articles of
millinery or in the making up of hats or bonnets, whereas under paragraph 438 the
articles there provided for are those used in making and ornamenting millinery, such
as hats and the like. We think the intent of Congress was to include in paragraph 438
all articles of this class, and that as the language employed by the added portion of
the section is appropriate for this purpose, it should be given that construction.

The application for a rehearing is *denied.*